IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,            :
     Plaintiff

                            :

      vs.                     :   CRIMINAL NO.  1:CR-92-319-02

                            :

ORLANDO SANCHEZ,
     Defendant               :


*M E M O R A N D U M*

I.   *Introduction*.

     Defendant, Orlando Sanchez, has filed a pro se motion
seeking to benefit from the Supreme Court's recent decision in
*United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005), which makes the federal sentencing
guidelines "effectively advisory,"  125 S.Ct. at 757, 160
L.Ed.2d at 639,  rather than mandatory, as they were at the time
of Defendant's sentencing.  As authority for modifying his
sentence under *Booker*, Defendant relies on 18 U.S.C. §
3582(c)(2) and *Rivers v. Roadway Express, Inc.,* 511 U.S. 298,
114 S.Ct. 1510, 128 L.Ed.2d 274 (1994).


II.   *Background*.

     In December 1992, Defendant was indicted for
conspiracy to distribute cocaine, possession of a firearm by a
felon, and using and carrying a firearm in relation to a drug

trafficking crime.  In April 1993, a jury found Sanchez guilty on all three counts.  In August 1993, Sanchez was  sentenced to 386 months' imprisonment.

Sanchez took a direct appeal, and the Third Circuit affirmed on July 27, 1994.  Defendant petitioned for a writ of certiorari from the United States Supreme Court, which was denied on November 28, 1994, thereby making his conviction final.

In May 2001, Defendant filed a pro se motion under 28 U.S.C. § 2255, which we denied in December 2001.  Defendant's appeal of that denial was unsuccessful.  *United States v. Sanchez*, No. 02-1646 (3d Cir. Oct. 31, 2003).  In February 2002, Defendant filed a pro se motion under 18 U.S.C. § 3582(c)(2) to modify his sentence, which we denied in March 2002.

III. *Discussion.*

    A. *Section 3582(c).*

Defendant relies on 18 U.S.C. § 3582(c)(2) as authority for us to modify his sentence.  Section 3682(c)(2) authorizes a district court to entertain a motion to reduce a sentence if the Sentencing Commission has amended a guideline applicable to his sentence under authority conferred on the Commission by 28 U.S.C. § 994(o).  Section 994(o) authorizes the

Commission to revise the guidelines "periodically" based "on comments and data coming to its attention."  A defendant can seek relief under section 3582(c)(2) if the Commission specifically makes the amendment retroactive or if it merely clarifies a guideline.  *See United States v. Marmolejos*, 140 F.3d 488, 491 (3d Cir. 1998).

Defendant asserts he can rely on this statutory section because in *Booker* the Supreme Court "effectively amended" the guidelines and "clarified" what they meant in light of congressional intent.  (Motion, p. 2).  We disagree.

Section 3582(c)(2) does not apply here for the following reasons.  First, section 3582(c)(2) requires an amendment by the Sentencing Commission; it makes no mention of any purported amendment by a court.  Second, in *Booker* the Supreme Court did not act pursuant to section 994(o).  Instead, it relied on the Fifth and Sixth Amendments in barring a court from enhancing a sentence based upon facts not found by a jury beyond a reasonable doubt.  Further, to remedy the constitutional violation in a way that would be most compatible with Congress's intent in enacting the Sentencing Reform Act, it struck down 18 U.S.C. § 3553(b)(1) and § 3742(e), thereby making the guidelines advisory only.  Thus, contrary to Defendant's assertion, the Court did not "amend" or "clarify" the guidelines

within the scope of section 3582(c)(2), and we would be acting beyond the authority that statute conferred if we used it here.

      B.   *The* Rivers *Decision.*

Defendant also asserts that *Booker* has retroactive application under *Rivers v. Roadway Express, Inc.,* 511 U.S. 298, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994).  We disagree.  *Rivers* dealt simply with an issue of statutory construction, whether the 1991 amendments to 42 U.S.C. § 1981 in response to *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), applied retroactively to a cause of action that had arisen before the amendments.  The case has no bearing on whether *Booker* could apply to Defendant's sentencing. Defendant is not assisted by his citation to footnote 12 of *Rivers*, 511 U.S. at 313 n.12, 114 S.Ct. at 1519, n.12, 128 L.Ed.2d at 289 n.12, where the Court stated that Congress can decide when a statute becomes effective.  *Booker* did not deal with when a statute became effective; it struck down two of the provisions of the Sentencing Reform Act of 1984 as unconstitutional.

The other cases Defendant has cited, *United States v. Sanders*, 125 Fed. Appx. 685 (6th Cir. 2005)(nonprecedential), and *United States v. Bruce*, 396 F.3d 697 (6th Cir. 2005), *rev'd in part*, ___ F.3d ___, 2005 WL 927178 (6th Cir. 2005), are

distinguishable procedurally.  *Sanders* was on appeal from denial of a motion to withdraw a guilty plea, which probably led to the government's agreement there to remand for resentencing under *Booker*, and *Bruce* was on direct appeal.  Here, Defendant's conviction became final when the Supreme Court denied certiorari on November 28, 1994.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 10, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
       Plaintiff

                               :

       vs.                  :  CRIMINAL NO.  1:CR-92-319-02

                               :

ORLANDO SANCHEZ,
       Defendant       :

*O R D E R*

AND NOW, this 10th day of May, 2005, it is ordered that Defendant's motion (doc. 228) for modification of sentence is denied.

                              /s/William W. Caldwell
                             William W. Caldwell
                             United States District Judge