UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : No. 1:92-CR-319
:
ORLANDO SANCHEZ :
:
:

*O R D E R*

*THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:*

Following a jury trial in April 1993, Orlando Sanchez was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine, possession of a firearm in relation to a drug felony, and possession of a firearm by a felon. (Doc. 72). Because he had two prior convictions for burglary and robbery, Sanchez was sentenced as a career offender to 386 months in prison. (Doc. 102). His conviction and sentence were affirmed by the Third Circuit on August 22, 1994 (Doc. 166), and the Supreme Court denied his petition for certiorari on December 8, 1994 (Doc. 175), making the conviction final.

Over six years after his conviction became final, Sanchez filed a motion under 18 U.S.C. § 2255. (Doc. 185). We denied that motion as untimely, and noted that Sanchez's arguments also lacked merit. (Doc. 195). In February 2002, Sanchez filed a motion under 18 U.S.C. § 3582(c)(2), which we denied as a successive Section 2255 motion. (Doc. 201). The Third Circuit then denied Sanchez's request for a certificate of appealability. (Doc. 213).

Now, Sanchez is attempting yet again to collaterally attack his sentence. (Doc. 258). On June 8, 2015, he filed a motion to correct his sentence based on the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013). We assume Sanchez intends this filing as a motion under 18 U.S.C. § 2255(f)(3), which states that when a new right is recognized by the Supreme Court and made retroactively applicable to cases on collateral review, a prisoner may attack his sentence based on this right so long as he files the motion with one year of the date on which the right was initially recognized by the Supreme Court. In its brief in opposition to the motion, the government gives four reasons why Sanchez's motion fails. Because we agree with all of them, the motion will be denied.

First, the government argues that the Supreme Court did not announce a new right in Descamps, but rather, affirmed existing precedent. This analysis is correct. The Courts of Appeals that have addressed the issue have found that Descamps does not announce a new rule of law. See, e.g., United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014); Smith v. Warden Lewisburg USP, No. 14-4573, 2015 U.S. App. LEXIS 9521 (3d Cir., June 8, 2015); Boaz v. United States, No. 14-1609, 2015 U.S. App. LEXIS 11050 at 4 (4th Cir. June 29, 2015). Based on this precedent, Sanchez's motion must fail.

Second, the government notes that the Supreme Court did not make Descamps retroactively applicable to cases on collateral review–a requirement for a successful motion under 18 U.S.C. § 2255(f)(3). Because Descamps is not retroactive, it

cannot be used for collateral review.  See Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); see also United States v. Wolf, No. 04-cr-347-01, 2014 U.S. Dist. LEXIS 92036, at *2 (M.D. Pa. Oct. 8, 2014) (Caldwell, J.).

Third, under Section 2255(f)(3), assuming the other requirements have been met, a petitioner has one year to seek collateral review based on a newly recognized right.  That one year period begins on the date the right was first recognized by the Supreme Court.  The decision in Descamps was issued on June 20, 2013, and this motion was filed nearly two years later on June 8, 2015.  Accordingly, even if Descamps created a new rule of law and the Supreme Court made it retroactively applicable to cases on collateral review, Sanchez's motion would still fail because it is untimely.

Last, as the government observes, because Sanchez has already filed a motion under Section 2255, and because Descamps did not create a new rule of law, Sanchez's current 2255 motion is a successive motion.  A petitioner must receive authorization from the Third Circuit before filing a successive 2255 motion.  28 U.S.C. § 2255(h)(2).  Sanchez received no such authorization, and this is the final reason his motion must be denied.

ACCORDINGLY, this 22nd day of July, 2015, it is hereby ORDERED that the petition for a writ of habeas corpus (Doc. 255) is DENIED.  A certificate of appealability is denied. Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, see 28 U.S.C. § 2253(a), and that our denial

of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  See Federal Rule of Appellate Procedure 22.

                                                    /s/William W. Caldwell
                                                    William W. Caldwell
                                                    United States District Judge